21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Otis GORDON, a/k/a Chucky, Defendant-Appellant.
 No. 93-5100.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 17, 1994.
Decided April 1, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. Solomon Blatt, Jr., Senior District Judge. (CR-91-126)
 O. Benjamin Peeples, Peeples & Stringer, Charleston, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty., Ben A. Hagood, Jr., Asst. U.S. Atty, Charleston, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Otis Gordon was convicted by a jury of possession of four kilograms of cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1993), 18 U.S.C. Sec. 2 (1988) (Count Two of superseding indictment), and of possession of one-half ounce of cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1993), 18 U.S.C. Sec. 2 (1988) (Count Three of superseding indictment). Count One of the superseding indictment charged that Otis Gordon, his brother Anthony Gordon, Omar Hansborough, Tyrell Davis, and an unknown person conspired to possess with intent to distribute more than five kilograms of cocaine. However, the jury was unable to reach a verdict on this count for Otis Gordon, and a mistrial was declared as to him. The count was dismissed on the government's motion.
 
 
 2
 Gordon was sentenced to 121 months imprisonment. He contends on appeal that the district court clearly erred in determining that five kilograms of cocaine was attributable to him as relevant conduct. United States Sentencing Commission, Guidelines Manual, Secs. 1B1.3, 2D1.1 (Nov.1992). We affirm.
 
 
 3
 Otis Gordon and Anthony Gordon were tried together. Several witnesses testified about three trips from Charleston, South Carolina, to New York to purchase cocaine. There were two trips in July 1989 and one in October 1989, all of which were instigated by Anthony Gordon. There was no evidence that Otis Gordon was involved with the first trip. However, he participated in the second trip by driving one of two cars which travelled to New York at Anthony's behest. Four kilograms of cocaine were purchased on this second trip. Omar Hansborough, who also made the trip, testified that as they were preparing to leave New York, Otis Gordon helped put the cocaine into the trunk of his car. Hansborough said he saw four cocaine bricks wrapped in foil when they were transferred from a garbage bag to a brief case for the trip back to South Carolina. Joyce Clark, who accompanied her boyfriend, Charles Morrison, on this trip, testified that he told her three kilograms were bought.
 
 
 4
 The third trip to New York was made in October 1989, again using several vehicles. Otis Gordon did not go on this trip, but he was present while preparations were made, and he provided transportation around Charleston for several people who did go, to assist them as they got ready. Four or five kilograms of cocaine were obtained in New York on this trip. Two of those present, Hansborough and Michael Morrison, said they saw four bricks and pieces of a broken-up brick of cocaine on the trip back from New York.
 
 
 5
 On May 21, 1990, an undercover officer arranged to buy half an ounce of cocaine from Anthony Gordon in Charleston. When he met Anthony, he was directed to go across the street with Otis, who made the delivery and took the money. Two drug dealers also testified that they bought cocaine from Otis Gordon in 1989.
 
 
 6
 At his sentencing hearing, Otis Gordon contested the five kilograms of cocaine attributed to him as relevant conduct, in part because there was no evidence as to the precise weight of the cocaine purchased in New York. The district court's factual determination as to the amount of drug involved is reviewed for clear error. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir.1990). Where criminal activity is undertaken in concert with others, the defendant is responsible for the conduct of co-conspirators which is within the scope of his conspiratorial agreement, in furtherance of the jointly undertaken criminal activity, and reasonably foreseeable to him. U.S.S.G. Sec. 1B1.3(a)(1) & comment. (n.2). In a drug offense, when the drugs are not seized (and thus cannot be measured with precision), the court may estimate the amount. U.S.S.G. Sec. 2D1.1, comment. (n.12).
 
 
 7
 Here, the court found by a preponderance of the evidence that Otis was a member of the conspiracy, and that he was accountable for at least five kilograms of cocaine. Otis argues on appeal that only three kilograms were attributable to him through reliable evidence. After review of the trial testimony presented on appeal, we find that the district court did not clearly err. Joyce Clark testified that she was told three kilograms were brought back from New York on the second trip; however, she did not see the cocaine. Hansborough testified that he saw four kilograms which were purchased on the second trip, and four or five kilograms on the third trip. His testimony about the amount obtained on the third trip was corroborated by Michael Morrison. Otis Gordon provided no contrary evidence at sentencing.*
 
 
 8
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The presentence report states that 7 kilograms were obtained on the second trip to New York. From the trial testimony reproduced in the joint appendix, it appears that 4-5 kilograms were obtained. This discrepancy does not affect the offense level